IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
FILED
JUN 0 2 2006
Michael N. Milby, Clerk of Court

| | |
|---|---|
| M.T. and L.T., as parents and next friend of their minor daughter, C.T., | ) ) ) |
| T.P., as parent and next friend of her minor daughter, L.P., | ) ) ) |
| T.P., as parent and next friend of her minor daughter, M.P., | ) ) ) Case No. _____ |
| S.W.M., as parent and next friend of his minor daughter, R.M., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| GALVESTON INDEPENDENT SCHOOL DISTRICT; ANN DIXON, in her official capacity as Interim Superintendent of Galveston Independent School District; and DOES 1 through 50. | ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

The above-captioned Plaintiffs, M.T. and L.T., as parents and next friend of their minor daughter, C.T.; T.P., as parent and next friend of her minor daughter, L.P.; T.P., as parent and next friend of her minor daughter, M.P.; and S.W.M., as parent and next friend of his minor daughter, R.M.; ("Plaintiffs"), respectfully file this Complaint against Defendants, Galveston Independent School District, Ann Dixon, in her official capacity as Interim Superintendent of Galveston Independent School District; and Does 1 through 50, ("Defendants"), and allege as follows:

## STATEMENT OF THE CASE

1. This action is posed for declaratory and injunctive relief. Defendants have violated (1) Title IX of the Education Amendment of 1972, 20 U.S.C. §1681 *et seq.* ("Title IX") and the regulations adopted thereto, and (2) the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983, by illegally denying Plaintiffs' daughters the equal treatment and benefits that must necessarily accompany an equal opportunity to participate in athletics.

2. Defendants' denial of equal treatment and benefits constitutes discrimination against the Plaintiffs' daughters based solely on their gender. Specifically, Defendants have discriminated against Plaintiffs' daughters in the following areas: (1) funding of athletics; (2) equipment and supplies; (3) scheduling of games and practice times; and (4) provision of locker rooms and facilities for both practice and competition.

3. This action seeks to redress the deprivation of the Plaintiffs' daughters' rights to receive the equal treatment and benefits which must necessarily accompany an equal opportunity to participate in interscholastic and other school-sponsored athletics. This action seeks a declaratory judgment that Defendants have violated the Plaintiffs' daughters' rights under federal law. This action further seeks an injunction requiring Defendants to immediately cease their discriminatory practices and to remedy the effects of their discriminatory practices and to remedy the effects of their discriminatory conduct.

4. Plaintiffs seek injunctive relief which, among other things, requires that Defendants provide Plaintiffs' daughters with treatment and benefits equivalent to that provided to the boys' athletic teams at the Galveston Independent School District.

## JURISDICTION AND VENUE

5. The Plaintiffs' first claim arises under 20 U.S.C. §1681, *et seq.* and its interpreting regulations. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

6. The Plaintiffs' second claim arises under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

7. Jurisdiction for declaratory and other relief is invoked pursuant to 28 U.S.C. §§ 2201(a) and 2202.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b). These claims arose in Galveston, Texas, which is within the jurisdiction of this Court.

## THE PARTIES

9. Plaintiffs M.T. and L.T. are the parents of C.T., a 16-year-old 10th grade student in the Galveston Independent School District. C.T. is a talented athlete who participates in softball. She has endured the unequal treatment and benefits directed by the Galveston Independent School District toward its female athletes. M.T., L.T. and C.T. are residents of Galveston, Texas, which is within the jurisdiction of this Court.

10. Plaintiff T.P. is the parent of L.P., a 16-year-old 10th grade student in the Galveston Independent School District. L.P. is a talented athlete who participates in softball. She has endured the unequal treatment and benefits directed by the Galveston Independent School District toward its female athletes. T.P. and L.P. are residents of Galveston, Texas, which is within the jurisdiction of this Court.

11. Plaintiff T.P. is the parent of M.P., a 15-year-old 9th grade student in the Galveston Independent School District. M.P. is a talented athlete who participates in softball and volleyball. She has endured the unequal treatment and benefits directed by the Galveston Independent School District toward its female athletes. T.P. and M.P. are residents of Galveston, Texas, which is within the jurisdiction of this Court.

12. Plaintiff S.W.M. is the parent of R.M., a 17-year-old 11th grade student in the Galveston Independent School District. R.M. is a talented athlete who participates in softball. She has endured the unequal treatment and benefits directed by the Galveston Independent School District toward its female athletes. S.W.M. is a resident of Houston, Texas, and R.M. is a resident of Galveston, Texas, which is within the jurisdiction of this Court.

13. Defendant Galveston Independent School District is a public school district authorized by Texas law to operate and control Galveston Ball High School, where the Plaintiffs' daughters are students. Therefore, the Galveston Independent School District's conduct is considered state action under 42 U.S.C. §1983. Defendant Galveston Independent School District is located in Galveston, Texas, and a substantial part of the events or omissions giving rise to this lawsuit occurred in Galveston County, which is within the jurisdiction of this Court. Since the passage of Title IX, The Galveston Independent School District has received and continues to receive federal financial assistance and the benefits therefrom. Therefore, all programs at the Galveston Independent School District, including athletics, are subject to the requirements of Title IX.

14. Defendant, Ann Dixon, is the Interim Superintendent of Schools at the Galveston Independent School District. Ann Dixon is a resident of the State of Texas and thus is subject to the jurisdiction of this Court.

4

15. The named Plaintiffs are ignorant of the true names and capacities of Does 1-50, but believe them to be employees of the Galveston Independent School District or members of the Galveston Independent School District Board of Education. Plaintiffs will seek to amend this Complaint to set forth their true names and capacities when they are ascertained. Plaintiffs are informed and believe, and on that basis allege, that each of these fictitiously named defendants is responsible in some manner for the discriminatory actions alleged herein and that each is a resident of the State of Texas and thus is subject to the jurisdiction of this Court.

## GENERAL ALLEGATIONS
## THE REQUIREMENTS OF TITLE IX

16. Title IX, enacted in 1972, provides in relevant part:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

20 U.S.C. § 1681(a). The Civil Rights Restoration Act of 1987 made Congress' intent plain that "program or activity", as used in Title IX, applies to any program or activity so long as any part of the public institution receives federal financial assistance. 20 U.S.C. § 1687. Thus, the Galveston Independent School District is subject to Title IX even if none of the funding for either its girls' or boys' athletic programs comes specifically from federal sources.

17. In 1975, the Department of Health, Education and Welfare (the predecessor of the United States Department of Education ("DOE")) adopted regulations interpreting Title IX. These regulations are codified at 34 C.F.R. Part 106. (the "Regulations").

18. With regard to athletic programs, § 106.41(a) of 34 C.F.R. provides that interscholastic athletics are included within the "program or activity" requirements of Title IX:

> No person shall, on the basis of sex, be excluded from participation in, be denied the benefits of, be treated differently from another person or otherwise be discriminated against in any interscholastic, intercollegiate, club or intramural athletics offered by a recipient ...

19. 34 C.F.R. § 106.41 (c) specifies ten (10) factors that are to be considered in the determination of equal athletic opportunity:

   1. Whether the selection of sports and levels of competition effectively accommodate the interest and abilities of members of both sexes;
   2. The provision of equipment and supplies;
   3. Scheduling of games and practice time;
   4. Travel and per diem allowance;
   5. Opportunity to receive coaching and academic tutoring;
   6. Assignment and compensation of coaches and tutors;
   7. Provision of locker rooms, practice and competitive facilities;
   8. Provision of medical and training facilities and services;
   9. Provision of housing and dining facilities and services; and
   10. Publicity.

Another factor to be considered is a school's "failure to provide necessary funds for teams for one sex." *Id.*

20. In 1979, the office of Civil Rights of the Department of Education ("OCR") issued a policy interpretation of Title IX and the Regulations. This policy interpretation is found at 44 Fed. Reg. 71413 (1979) (the "Policy Interpretation").

21. The Policy Interpretation provides that, in order to comply with Title IX and 34 C.F.R. § 106.41(c), schools must provide equal athletic opportunities in three general areas: (1) awarding of scholarships (aimed primarily at problems at the intercollegiate level); (2) participation opportunities (including both the number of opportunities and whether the selection of sports and the level of competition effectively accommodate the interests and abilities of members of both sexes); and (3) treatment and benefits. 44 Fed. Reg. at 71414.

22. Under both the Regulations and the Policy Interpretation, compliance in the area of equal treatment and benefits is assessed based on an overall comparison of the male and female athletic programs, including an analysis of factors (2) through (10) of 34 C.F.R. § 106.41 (c) listed above and an analysis of whether the necessary funds are provided for teams of both sexes.

23. The Regulations require that sponsors of interscholastic and other school-sponsored athletics (such as the Galveston Independent School District) take such remedial actions as are necessary to overcome the effects of gender discrimination in violation of Title IX. *See* 34 C.F.R. § 106.3(a). On information and belief, any remedial actions which the Galveston Independent School District has taken in the past have been insufficient to satisfy the Galveston Independent School District's obligations under Title IX.

24. The Regulations further require that sponsors of interscholastic and other school-sponsored athletics comply with the Regulations within three years of their effective date (which was July 21, 1975). Now, more than thirty (30) years later, the Galveston Independent School District has still not fully complied with Title IX.

## THE U.S. CONSTITUTION

25. The Fourteenth Amendment to the United States Constitution requires that a state shall not "deny to any person within its jurisdiction the equal protection of the laws."

26. Under 42 U.S.C. § 1983, Defendants may be held liable for their actions in violating Plaintiffs' daughters' rights under the Fourteenth Amendment.

## INJUNCTIVE RELIEF

27. Plaintiffs are entitled to injunctive relief to end Defendants' unequal, discriminatory, and unlawful treatment of female student athletes. Because of Defendants' acts and omissions, Plaintiffs' daughters continue to be deprived of the rights guaranteed to them by the United States Constitution and the laws of the United States. Failure to grant the injunctive relief requested will result in irreparable harm to Plaintiffs' daughters in that Plaintiffs' daughters' rights will be violated and that Plaintiffs' daughters will never be able to participate in interscholastic and/or other school-sponsored athletics on an equal basis with their male classmates. Accordingly, Plaintiffs do not have an adequate remedy at law for this harm. This threatened harm far outweighs any possible harm that granting injunctive relief might cause Defendants. Finally, the injunctive relief sought would in no way disserve the public interest but, on the contrary, would prevent discrimination based on gender and would promote the goal of full equality before the law.

## ATTORNEYS' FEES

28. Plaintiffs have been required to retain the undersigned attorneys to prosecute this action. Plaintiffs are entitled to recover reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## FIRST CLAIM FOR RELIEF: TITLE IX
### (Unequal Treatment and Benefits)

29. Plaintiffs reallege and incorporate herein by this reference paragraphs 1 through 28 inclusive of this Complaint.

30. The Galveston Independent School District, by its conduct, has violated Title IX by discriminating against female students, including the Plaintiffs' daughters, by failing to provide them with treatment and benefits which are comparable overall to the treatment and benefits provided to male athletes.

31. On information and belief, Plaintiffs allege that the Galveston Independent School District has failed to comply with Title IX by failing to provide their daughters with comparable treatment and benefits including, but not limited to, the following areas:

   (1) The Galveston Independent School District funds athletics in a manner that discriminates against Plaintiffs' daughters and other female athletes.

   (2) The Galveston Independent School District provides male athletes with equipment and supplies in a manner that discriminates against female athletes. For example, the softball players must share access to pitching machines and batting cages with "Lassie League" teams, while the baseball players do not have to share such access.

   (3) The Galveston Independent School District unfairly discriminates against Plaintiffs' daughters and other female athletes in the scheduling of practices and games. For example, since the field provided for the softball team is located at the city owned park, practices must be scheduled around practices

for Lassie League teams, the local community college, and a private high school. The baseball team, on the other hand, enjoys exclusive use of its own recently renovated field, maintained by the School District, that it does not have to share with other teams.

(4) The Galveston Independent School District supplies superior locker rooms, practice facilities and competition facilities to boys as compared to girls. For example, the softball locker room is a large divided shed with no restrooms or showers. Softball players must leave the playing area to use restrooms shared with the public. The baseball team, on the other hand, has a recently renovated locker room facility, in school colors, with showers and restrooms attached to its home dugout, a brand new concession stand painted in school colors, and a press box with a public address system, all of which are air conditioned. The softball team is provided a field located at the city park where the concession stand has no air conditioning and the press box is a small wooden box with no air conditioning. The baseball field has aluminum grandstand-type bleachers with handicap access, approximately 12 rows high. In contrast, the softball field has wooden bleachers with no handicap access, and is only five rows high. The baseball dugouts are enclosed with a fence in front, protected by cushions in school colors. The softball field has dugouts that are smaller and are made up of chain link on all four sides with no cushions or school colors. The baseball field is well maintained by the School District, with bermuda grass and smooth, groomed dirt. The softball

field at the city park, on the other hand, is maintained by the city, has inferior grass and a rough, hard infield. The baseball field has a large nine-inning scoreboard. The scoreboard at the softball field is a much smaller one-inning scoreboard. The baseball field has three batting cages and four pitching areas, lighted separately from the competition field. The softball field has two batting cages with no pitching areas, no lights, and no electricity. The baseball field has a superior backstop as compared to that of the softball field. The baseball team has exclusive use of its field, which is fully enclosed with access restricted only to the baseball program participants. The softball field is at the city park where the public has access to the field. The baseball field has lights that are superior to the lighting at the softball field. While the baseball field has numerous features provided in school colors, the field at the city park that the softball program shares with the public has no school colors incorporated.

32. The imbalance in the treatment of female and male athletes at the Galveston Independent School District, as detailed above, demonstrates the Galveston Independent School District's failure to comply with Title IX.

33. The Galveston Independent School District's conduct has persisted despite the mandates of the Regulations, particularly 34 C.F.R. §§ 106.3(a) and 106.41(d), and the Policy Interpretation.

34. The Galveston Independent School District's conduct violates 20 U.S.C. § 1681 *et seq.*, as interpreted by 34 C.F.R. §§ 106.31 and 106.41 and the Policy Interpretation thereof.

## SECOND CLAIM FOR RELIEF: EQUAL PROTECTION

35. Plaintiffs reallege and incorporate herein by this reference paragraphs 1 through 34 inclusive of this Complaint.

36. Defendants, by their failure to provide Plaintiffs' daughters with equivalent treatment and benefits as the male athletes (as detailed above), have illegally discriminated against Plaintiffs' daughters and other female students on the basis of gender, and have illegally deprived them of their rights to equal protection secured by the Fourteenth Amendment to the United States Constitution.

37. Defendants have illegally failed and refused to remedy the unequal treatment and benefits received by Plaintiffs' daughters and other female athletes as compared to male athletes at the Galveston Independent School District. Therefore, Defendants' actions constitute an illegal disregard for Plaintiffs' daughters' constitutional rights.

38. Section 1983 of Title 42 of the United States Code provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

39. When Defendants engaged in the improper actions described above, they were acting under color of law for purposes of the Equal Protection Clause of the United States Constitution and

42 U.S.C. § 1983. Under this section, the Defendants are liable for their violations of the Plaintiffs' daughters' constitutional rights under the Fourteenth Amendment.

## RELIEF REQUESTED

WHEREFORE, on each of their claims, Plaintiffs respectfully pray that this Court:

A. Enter an order declaring that Defendants have engaged in a past and continuing pattern and practice of discrimination against female students, including Plaintiffs' daughters, on the basis of gender in violation of Title IX and the regulations promulgated thereunder (including unequal treatment and benefits), and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

B. Issue a permanent injunction (a) restraining Defendants and their officers, agents, employees, successors and any other persons acting in concert with them, from continuing to maintain practices and policies of discrimination against Plaintiffs' daughters on the basis of gender, and (b) requiring Defendants, immediately upon issuance of the injunctive order, to adopt and implement a budget and plan which corrects and remediates Defendants' violation of Title IX and the Fourteenth Amendment. Such a plan should include, among other things, providing Plaintiffs' daughters and other female athletes with treatment and benefits comparable to those provided to male athletes.

C. Grant an expedited hearing and ruling on the permanent injunction request in paragraph B above.

D. Award Plaintiffs their reasonable attorneys' fees and costs pursuant to U.S.C. § 1988.

E. Order such other and further relief as the Court deems appropriate.

F. Designate that the trial take place before the U. S. District Court in Galveston, Texas.

Dated: 6-1-06

Respectfully submitted,

**SCHILLER LAW FIRM**

*[signature]*

**SAMUEL J. SCHILLER**
**Attorney-in-Charge**
Oklahoma Bar Association #016067
Tennessee Attorney Registration #021810
Suite 200, 4113 Cumby Road
Cookeville, TN 38501
Telephone: (931) 528-5050
Fax: (931) 528-5051
Email: sjs@schillerlawfirm.com

*[signature]*

**RAY YASSER** by *SJS*
**Of Counsel**
Oklahoma Bar Association #009944
3120 East 4th Place
Tulsa, OK 74104
Telephone: (918) 631-2442
Fax: (918) 631-2194
Email: raymond-yasser@utulsa.edu
*Attorney for Plaintiffs*

C:\tm\Title IX\Galveston\Pleadings\2006-0525 Complaint.wpd

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

ORIGINALS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
M.T. and L.T., as parents and next friend of their minor daughter, C.T.; T.P., as parent and next friend of her minor daughter, L.P.; T.P., as parent and next friend of her minor daughter, M.P.; and S.W.M., as parent and next friend of his minor daughter, R.M.

## DEFENDANTS
GALVESTON INDEPENDENT SCHOOL official capacity as Interim Superintendent, of Galveston Independent School District, and Does 1 through 50

(b) County of Residence of First Listed Plaintiff: Galveston
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Samuel J. Schiller - Schiller Law Firm - (Attorney-in-Charge)
4113 Cumby Road, Suite 200
Cookeville, TN 38501 -- (931) 528-5050

Attorneys (If Known)

JUN 0 2 2006

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☒ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title IX of the Education Amendments of 1972 and the Equal Protection Clause of the United States Constitution

Brief description of cause:
Defendants have failed to provide equal treatment, benefits, or opportunities to participate to Plaintiffs' daughters as related to school-sponsored athletics.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Injunctive

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 6-1-06
SIGNATURE OF ATTORNEY OF RECORD: /s/ Samuel J. Schiller

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____